UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Beth A. Willis | :: | |
|    Plaintiff | :: | Case No.   1:13cv558 |
| vs. | :: | Judge |
| Fulton, Friedman & Gullace, LLP<br>500 First Federal Plaza<br>Rochester, N.Y. 14614 | ::<br><br>:: | |
| Jeffrey J. Sobeck<br>c/o Fulton, Friedman & Gullace, LLP<br>8221 Brecksville Rd.<br>Brecksville, Ohio 44141 | ::<br><br>::<br><br>:: | |
| Christine Hill<br>c/o Fulton, Friedman & Gullace, LLP::<br>8221 Brecksville Rd.<br>Brecksville, Ohio 44141 | <br><br><br>:: | |
| Asset Acceptance, LLC<br>c/o CT Corporation System<br>1300 E. Ninth St.<br>Cleveland, Ohio 44114<br>    Defendants | ::<br><br>::<br><br>:: | |

 **Complaint Alleging Violation of the Fair Debt Collection Practices Act & Ohio Consumer Sales Practices Act Seeking Statutory, Actual Damages & Treble Damages Attorney Fees Declaratory & Permanent Injunctive Relief**
**Jury Demand**

1

## Claim One
## [unfair debt collection]

### Jurisdiction

1. This is a claim for actual and statutory damages brought by Plaintiff, Beth A. Willis, for Defendants' violations of the Fair Debt Collection Practices Act **[hereinafter referred to as the "Act"]**, 15 U.S.C. §1692, et seq., which expressly prohibits a debt collector from engaging in abusive, deceptive, unconscionable and unfair debt collection practices.

2. Jurisdiction of this Court is invoked pursuant to 15 U.S.C. §1640(e), 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

### Parties

3. Plaintiff, **Beth A. Willis,** is a resident of Lawrence County, Ohio **[hereinafter referred to as "plaintiff"]** and is a **"consumer"** as defined in the Act at 15 U.S.C. §1692a.(3) who may or may not have been obligated to pay a debt which debt was incurred primarily for household, family and personal purposes **[hereinafter referred to as the "debt"]**.

4. Defendant, **Fulton, Friedman & Gullace, LLP** [hereinafter referred to "FF&G" or collectively as "defendants"], is a Limited Liability Partnership, licensed and principally located in the state of New York which also maintains offices in the state of Ohio and other a number of other jurisdictions throughout the Nation and which regularly collects or attempts to collect debt owed or asserted to be owed or due another and is, therefore, a debt collector within the meaning of 15 U.S.C.§1692a(6).

5. Defendant, **Asset Acceptance Corp.**, **[hereinafter "Asset" or collectively as "defendants"]** is a foreign corporation incorporated under the laws of the state of Michigan, is a distressed debt buyer who specializes in the purchase of defaulted and delinquent obligations or accounts from an original creditor for pennies on the dollar and then attempts to collect the entire balance due from the consumer and, therefore, is a **"debt collector",** as defined in the Act at 15 U.S.C. **§**1692a.(6).

6. Defendant, **Christine Hill** [herein "Hill" or collectively as "defendants"], is an attorney at law purportedly licensed and practicing in the state of Ohio who was hired by FF&G and who was employed to file collection suits in the Courts of the state of Ohio and, therefore, is a **"debt collector",** as defined in the Act at 15 U.S.C. **§**1692a.(6).

7. Defendant, **Jeffrey J. Sobeck** [herein "Sobeck" or collectively as "defendants"], is an attorney at law purportedly licensed and practicing in the state of Ohio who was employed to file collection suits in the Courts of the state of Ohio and, therefore, is a **"debt collector",** as defined in the Act at 15 U.S.C. **§**1692a.(6).

8. Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another as defined in the Act at 15 U.S.C. **§**1692a.(6).

9. Defendants regularly engage in and transact business in the state of Ohio through the use of the United States mails, telephone or other instrumentality of interstate commerce and are subject to the jurisdiction of this Court.

## **Allegations**

10. Sometime prior to July 17, 2013 Bank of America/FIA Credit Card Services issued Plaintiff a credit card [hereinafter the "obligation"].

11. Sometime thereafter Plaintiff's obligation was sold to and purchased by Asset.

12. On or about July 17, 2013 Defendants, FF&G through attorneys Hill and Sobeck brought suit against Plaintiff on the obligation in the Mason, Ohio Municipal Court in Warren County, Ohio which was assigned case no. 13CVF00474 [hereinafter the "Action"].

13. Plaintiff neither currently resides in Warren County (some 150 miles away) and neither did she contract for the debt in Warren County, Ohio.

14. Plaintiff has absolutely no connection with Warren County, Ohio and never has.

15. Defendants were expressly aware of or should have been aware of this fact since the their own complaint expressly designates that Plaintiff resides in Ironton, Ohio which is in Lawrence County, Ohio.

16. Without limiting the scope thereof Defendants violated the Fair Debt Collection Practices Act by engaging in the following unfair, deceptive, unconscionable and abusive debt collection practices:

> (a) by bringing a legal action against the Plaintiff in a judicial district in which she did not reside at the time of the filing of such action and where she did not sign the contract sued upon or on which the action was based;
>
> (b) by threatening to take action that they could not legally take in connection with the collection of a debt in violation of 15 U.S.C. §1692e.(5);
>
> (c) by falsely representing the character, amount or legal status of a debt or the compensation which may be recovered in connection with the collection of a debt in violation of 15 U.S.C. §1692e.(2);

(d) by engaging in conduct which had the natural consequence of harassing, oppressing, or abusing plaintiff in connection with the collection of a debt in violation of 15 U.S.C. §1692d.;

(e) by using a false, deceptive or misleading representation or means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e.(10) and 15 U.S.C. §1692(e); and,

(f) by using an unfair and unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

17. As such plaintiff is entitled to statutory damages and whatever actual damages she may prove.

## Claim Two
### [damages under state law]

### Jurisdiction

18. This claim is made pursuant to the *Ohio Consumer Sales Practices Act*, hereinafter referred to as the "Act", O.R.C. §1345.01.01 et seq.

19. The jurisdiction of this Court is invoked pursuant to the principles of pendent or ancillary jurisdiction in that the claim herein arose out-of the same basic facts which gave rise to the federal claim.

### Parties

20. The parties are identical to those alleged in claim one.

21. Plaintiff, Beth A. Willis, is a **"consumer"** as defined in the "Act" at O.R.C. §1345.01(D).

22. Defendants are each a **"supplier"** as defined in the "Act" at O.R.C. §1345.01(C ) in that, subsequent to the consummation of a consumer transaction, defendants engaged in the conduct of attempting to collect a debt.

## **Allegations**

23. Plaintiff hereby incorporates each and every allegation of claim one as if fully rewritten herein.

24. Defendants, without limiting the scope of any violations committed, Defendants engaged in the following unfair, deceptive and unconscionable debt collection practices in violation of the Act as follows:

(a) defendants misrepresented that the subject of a consumer transaction had sponsorship, approval, performance, characteristics, accessories, uses, or benefits that it did not have in violation of O.R.C. §1345.02(B)(1);

(b) defendants misrepresented that they had sponsorship, approval or affiliation that they did not have in violation O.R.C. §1345.02(B)(9);

(c) defendants falsely misrepresented the rights, obligations and remedies that the plaintiff, as a consumer, had under law in violation of O.R.C. §1345.02(B)(10); and,

(d) defendants knowingly made misstatements of opinion in connection with the collection of a debt arising from a consumer transaction which was designed to exaggerate the remedies or power of defendants to collect a debt or the consequences to the plaintiff of non-payment of the debt which plaintiff was likely to rely to her detriment in violation of O.R.C. §1345.03(B)(6);

25. Plaintiff is entitled to treble damages because defendants' conduct was either in violation of a Substantive Rule of the Ohio Attorney General or a Federal Trade Commission Rule or an act or practice declared to be either deceptive, or unconscionable by a Court of competent jurisdiction in the state of Ohio which decision was contained in the Public Inspection file of the Ohio Attorney General at the time of the events alleged in the complaint, pursuant to O.R.C. **§**1345.05**.**

## **Prayer for Relief**

Plaintiff prays for the following relief:

(A) in claim one plaintiff prays for a judgment against defendants for all statutory and actual damages to which she is entitled;

(B) in claim one for reimbursement of or payment for reasonable attorney fees incurred by counsel for the plaintiff in connection with the successful prosecution of this claim;

(C) in claim one for reimbursement for all costs and expenses incurred in connection with the successful prosecution of this claim;

(D) in claim two for a judgment against defendants for all statutory and actual damages to which Plaintiff is entitled;

(E) in claim two for treble actual damages;

(F) in claim two for reimbursement of or payment for reasonable attorney fees incurred by counsel for the plaintiff in connection with the successful prosecution of this claim;

(G) in claim two for reimbursement for all costs and expenses incurred in connection with the successful prosecution of this claim;

(H) for a trial by jury on all appropriate issues; and,

(I) for any and all other relief this Court may deem appropriate.

                                              Respectfully submitted by:

                                              */s/Steven C. Shane*
                                              Steven C. Shane (0041124)
                                              Trial Attorney for Plaintiff
                                              P.O. Box 73067
                                              Bellevue, Ky. 41073
                                              (859) 431-7800
                                              (859) 431-3100 facsimile